SAN ANTONIO FIRE & POLICE PENSION FUND, on behalf of itself and all others similarly situated, Plaintiff Below, Appellant,
v.
AMYLIN PHARMACEUTICALS, INC., BANK OF AMERICA, N.A., BANK OF NEW YORK TRUST COMPANY, N.A., DANIEL M. BRADBURY, JOSEPH C. COOK, JR., ADRIAN ADAMS, STEVEN R. ALTMAN, TERESA BECK, KARIN EASTHAM, JAMES R. GAVIN, GINGER L. GRAHAM, HOWARD E. GREENE, JR., JAY S. SKYLER, JOSEPH P. SULLIVAN, and JAMES N. WILSON, Defendants Below, Appellees.
No. 268, 2009.
Supreme Court of Delaware.
Submitted: September 30, 2009.
Decided: October 5, 2009.
BEFORE HOLLAND, BERGER, JACOBS and RIDGELY, Justices, and SLIGHTS, Judge,[1] constituting the Court en Banc.

ORDER
Jack B. Jacobs, Justice
This 5th day of October 2009, upon consideration of the briefs of the parties, and their contentions in oral argument, it appears to the Court that the order and judgment of the Court of Chancery should be affirmed on the basis of and for the reasons set forth in its decision dated May 12, 2009.[2]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.
NOTES
[1] Designated pursuant to Art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4.
[2] The Court of Chancery determined, inter alia, that Amylin Pharmaceuticals' board of directors did not breach its duty of care in authorizing the corporation to enter into the Indenture Agreement, with its "proxy put" provision. That determination was correct, not only for the reasons made explicit in the Court's opinion, but also for one that is implicit: no showing was made that approving the "proxy put" at that point in time would involve any reasonably foreseeable material risk to the corporation or its stockholders. That risk materialized only months later, and was aggravated by the unexpected, cataclysmic decline in the nation's financial system and capital markets beginning in the Spring of 2008.